[Cite as *State v. Lacking*, 2013-Ohio-2051.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-09-196 |
| | : | O P I N I O N |
| - vs - | | 5/20/2013 |
| | : | |
| JAMON J. LACKING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-06-0892

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Jamon Lacking, appeals a decision of the Butler County Court of Common Pleas, sentencing him to three years in prison for burglary and possession of criminal tools.

{¶ 2} Lacking and another person broke into the victim's home by using a crowbar to pry open the door, and proceeded to ransack the house and steal the victim's television.

Lacking was later indicted, and pled guilty to one count of burglary, a third-degree felony, and one count of possession of criminal tools, a fifth-degree felony. After Lacking pled guilty, the trial court ordered a presentence investigation and scheduled a sentencing hearing.

{¶ 3} During the sentencing hearing, Lacking told the trial court that he suffered from drug addiction and had a history of going to prison and then using drugs upon his release from prison. Lacking asked the trial court to sentence him to a drug-treatment facility in lieu of prison. The trial court, however, determined that Lacking had a history of recidivism and that his crime was too serious to forego a prison sentence. The trial court sentenced Lacking to three years on the burglary charge and one year on the possession of criminal tools charge, to run concurrently for an aggregate sentence of three years. Lacking now appeals the trial court's sentence, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING A MAXIMUM PRISON SENTENCE.

{¶ 5} Lacking argues in his assignment of error that the trial court erred in imposing the maximum three-year sentence for burglary.

{¶ 6} According to the Ohio Supreme Court, when reviewing a defendant's felony sentence, appellate courts must apply a two-step approach. First,

> they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 7} Lacking was convicted of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. According to R.C. 2929.14(A)(3)(b) "for a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶ 8} Lacking was also convicted of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. According to R.C. 2929.14(A)(5), "for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months."

{¶ 9} The trial court sentenced Lacking to three years on the burglary charge and one year on the possession of criminal tools charge after stating that it had considered the circumstances of the case, the principles and purposes of sentencing, and had balanced the seriousness and recidivism factors. While both of the sentences constituted maximum sentences, each falls within the statutory range, and are therefore not contrary to law. *State v. Humes*, 12th Dist. No. CA2009-10-057, 2010-Ohio-2173, ¶ 18.

{¶ 10} The trial court also did not abuse its discretion in sentencing Lacking to the maximum sentence for each charge. The trial court gave consideration to the circumstances of the case, mainly that Lacking and another individual pried open the door to the victim's home, ransacked the house, and stole the victim's television.

{¶ 11} The trial court also considered the presentence investigation report, which indicated that Lacking has a significant criminal history, and had been sentenced to prison on multiple occasions, including prison sentences for trafficking in heroin. Lacking also violated the terms and conditions of his community control in the past. The trial court was made aware that Lacking has substance abuse problems, that he continues to abuse powder cocaine each time he is released from prison, and that he has sold drugs in the past to support his drug addiction.

{¶ 12} The court also considered Lacking's statement to the court wherein he expressed remorse, accepted responsibility for his actions, and expressed his desire to seek

help for his addiction issues. However, the trial court expressed its doubt regarding Lacking's remorse given that Lacking threatened the victim because of the victim's unwillingness to recant and not pursue the charges.

{¶ 13} After reviewing the record, Lacking's sentence was not contrary to law, nor did the trial court abuse its discretion in sentencing Lacking as it did. We therefore overrule Lacking's single assignment of error.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.